UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN ANDREW LUCAS,
                      Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social
Security,[1]
                      Defendant.
_____

**DECISION AND ORDER**[2]

17-CV-662

Plaintiff commenced this action on July 17, 2017, arguing that the Commissioner's denial of his claim for Social Security benefits was not supported by substantial evidence. Complaint [1].[3] On June 10, 2019, I remanded this matter to the Commissioner for further administrative proceedings [17]. Judgment was entered on June 11, 2019 [18].

Plaintiff's counsel subsequently filed a motion for an award of attorney's fees in the amount of $6,766.44 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412 [19]. The parties then filed a stipulation agreeing that plaintiff's attorney should receive $6700.00 in fees and $400.00 in costs. Stipulation [21].

**ANALYSIS**

28 U.S.C. §2412(b) authorizes an award of "reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." By

---

[1]     Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d).

[2]     The parties consented to the jurisdiction of a Magistrate Judge [11].

[3]     Bracketed references are to CM/ECF docket entries.

obtaining a remand under the circumstances present in this case, plaintiff is the "prevailing party" for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

The fact that the parties have stipulated to an amount, or that the Commissioner does not oppose the amount of the award sought by plaintiff's counsel, does not relieve this court of the obligation to determine whether that amount is reasonable. See Pribek v. Secretary, Department of Health & Human Services, 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (Elfvin, J.) ("the determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation"); Lockwood v. Colvin, 2016 WL 6902341, *1 (D. Conn. 2016) ("[a]lthough the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable").

A fee award is appropriate "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust". 28 U.S.C. §2412(d)(1)(A). "The burden is on the Government to show that its position was substantially justified." Eames v. Bowen, 864 F.2d 251, 252 (2d Cir. 1988). The government has not attempted to satisfy that burden, nor do I find any "special circumstances" which would make an award unjust.

28 U.S.C. §2412(d)(2)(A) states that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee". The hourly rate may be adjusted to account for inflation as determined by the Consumer Price Index ("CPI"). See Isaacs v. Astrue, 2009 WL 1748706, *3 (W.D.N.Y. 2009) (Arcara, J.) ("[t]he current statutory cap of $125 per hour took effect in 1996 . . . and the

Court may revise it upward to reflect inflation as determined by the Consumer Price Index"). The stipulation provides plaintiff's counsel fees at an hourly rate of $203.95.[4] This adjustment is appropriate. Moreover, I find the number of hours devoted to this case, as detailed in counsel's Declaration [19-1], to be reasonable. Therefore, I find no reason to second guess the fee amount to which the parties have stipulated.

Pursuant to the stipulation, it was agreed that the fees would be payable directly to counsel pursuant to plaintiff's written transfer of rights "provided that plaintiff does not owe a debt subject to offset under the U.S. Treasury Offset Program" [21]. Under the fee arrangement with her attorney, the Law Offices of Kenneth R. Hiller, PLLC [19-3], plaintiff assigned his right to any fee award to his counsel. "EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts." Astrue v. Ratliff, 560 U.S. 586, 594 (2010). While fee awards under the EAJA are payable to the plaintiff, the plaintiff has the right to assign the EAJA fee award to his/her lawyer, and where the Commissioner does not oppose the assignment, it can be honored under the Anti-Assignment Act. *See* Kerr v. Commissioner of Social Security, 874 F.3d 926, 937 (6th Cir. 2017) ("[u]nless the government waives application of the [Anti-Assignment Act] in EAJA cases, fee awards must be paid to the prevailing party, not to the party's lawyer").

**CONCLUSION**

The Stipulation [21] is approved as follows: the court awards plaintiff attorney's fees in the amount of $6700.00 and costs in the amount of $400.00 payable to plaintiff's counsel,

---

[4] *See* Consumer Price Index ("CPI") adjustment calculation. [19-2], p. 4. The hourly rate was calculated by dividing the stipulated fee ($6700.00) by the number of hours (32.85) documented in plaintiff's fee application [19-1], pp. 1-2.

unless the government declines to waive application of the Anti-Assignment Act, in which case the award shall be payable to plaintiff, but delivered to plaintiff's counsel.

**SO ORDERED.**

Dated: September 27, 2019

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
